Good morning. My name is Vicki Buchanan. I'm here on behalf of Benjamin Lazaro-Alonso. And I'd like to reserve two minutes. What we have here is one of the many cases that came back after the Booker decision under Ammaline for remand for resentencing. This case, however, is somewhat unique because of it's not necessarily a plain-air case. Ammaline, this case was remanded because it was a non-constitutional error. In other words, Mr. Lazaro-Alonso was sentenced, and his sentence was enhanced because of a prior criminal charge, which under Booker and Apprendi is something that is not a judge – that a judge can still decide under the current law. So it was a non-constitutional error. Let me fast forward. We know it was sent back. The judge was supposed to decide whether he would impose the same sentence or not. Correct. Invited counsel to submit something. Yes. The lawyer, two invitations, never responded. Correct. And then ruled. Right. Okay. And under Montgomery – when we get under Montgomery, the court was required to allow counsel to submit something. And I believe that the judge did fulfill his obligation. He asked twice. Unfortunately, this is not a case of ineffective assistance of counsel. This is a case of no counsel. What happened in this particular case is that there was an appellate attorney, and the appellate attorney thought that the district – the attorney who represented Mr. Lazzaro-Alonzo in the trial court was going to be present – was going to be taking over the case. If you look through the documentation, however, you'll find that that attorney was on leave through the entire period of time that was occurring in this particular case. Is there anything in connection with the motion to reconsider and sets forth what Mr. Lazzaro-Alonzo would have shown had his lawyer taken care of business? Nothing in particular in his affidavit. At the time of trial, his attorney, who was probably confident he just was out of the picture during this period of time, had argued that there were family considerations and those types of things that would have been under the first prong of the 355. But that was already in front of the judge. That was in front of the judge, but the counsel did not elaborate because he felt it was pointless because he was under the mandatory guidelines, and he spoke about  He did raise – that was where I – as I was going through this case, he did raise, however, the fact at sentencing that he didn't think the guidelines should be mandatory. So in some respects, he was clairvoyant, and he did raise that issue. So I think we're not talking about an unpreserved issue here. We're talking about a preserved error, which may not even go under the plain-error analysis. It may just be a straight resentencing because it was a preserved error at the trial court. I don't know what he thinks. Excuse me, counsel. This is Judge Nelson. What's the time limit for a motion for reconsideration? Neither party raised the question whether the district court had jurisdiction over the motion for reconsideration, but it wasn't filed until May 5th, and it challenged the December 13th order. So what's the time limit for a motion for reconsideration? I don't know. I have not – did not research that, Your Honor. Well, isn't there a question? In other words, I think it's pretty clear that the district court only has limited jurisdiction over a final judgment. And unless it's a motion for new trial or appeal, it has no jurisdiction, and the time limits are pretty strict. So where does it get jurisdiction over a motion for reconsideration filed six months later? Are you saying because the mandate had not issued or? No. It's just after the judgment was entered. I don't know. Okay. Thank you. Your point about whether this is not a plain error situation is something that might have been a subject to the previous appeal, but isn't that settled now? Well, the previous appeal was in that strange area between Blakely and Booker when everybody was trying to anticipate what was going on. Sure, but if – what we had to do in dealing with those cases was look to see whether it's a plain error situation or whether somebody was prescient enough to say, I object to the guidelines on the ground that mandatory guidelines violate the Sixth Amendment. And if they did that, you're right, they get a resentencing. But that's not what we did in the first. But we have that odd situation. It's almost like the case, the Combs case, in which, you know, in that space of time, the difference between Mr. Lazaro-Alonzo and Combs is that he actually did preserve the issue. Now, I don't know. You know, that issue probably wasn't raised because the MLI hadn't come out at that point in time, probably was not addressed at that time. But it was. So it's – everything is in sort of a strange posture. I would be glad to submit some supplemental briefing on the issue that Judge Nelson has raised regarding the time limits in terms of raising the motion for consideration. But Mr. Lazaro-Alonzo did raise that issue as soon as he found out that this had happened to him, that his case had actually been ruled upon. And his paperwork shows that he showed due diligence to try to attempt to find out what was going on with his case. If there's nothing further, I'll sit down. Thank you, Ms. McKenna. Good morning. Good morning. Tim Seawright on behalf of the government. May it please the Court. I think this case is a good example of why competence of counsel claims should generally be raised with the district court. This case is frustrating. I think it's frustrating for the Court. It's frustrating for the parties. It's frustrating for the government. I think we all want to ask that same question of defendants' trial counsel. Why didn't you file something? Why didn't you file something the first time around? Why didn't you file something the second time around? The – as you can see probably from the record, that trial counsel is a relatively experienced deputy federal public defender. And you just want to know what went wrong. The problem is he's not here to answer that question for this Court, and we're all left kind of speculating as to what happened. Ms. Buchanan talked about a few points, but I'm not sure that all of those are actually in the record as to what happened to him during those particular periods of time. And this Court, of course, is not really in a good position to do fact-finding. What could he do? Could he bring a 2255? That's exactly what we think is appropriate in this case. Doesn't the statute of limitations run on that? No, it does not. Why? Well, he – this case has come back. He did file his appeal, so he would have one year from the time the sentence is final. Well, when was the sentence final? Well, it's still being on appeal. It will not be final for – until this Court makes its decision. Then he'll have a year after that period to file his 2255. And what I think you can certainly see from the record is the trial court didn't abuse its discretion either in the denial of resentencing or in denying the motion for reconsideration. I'll take up Judge Nelson's point in just a moment. But with respect to denying resentencing, I think you really have to look at Judge Fees in this case and say he did everything he could do. He made that initial order. He waited a period of time. And then of his own, he made another order and said, respond to this order. And nothing came in. I don't think there was anything more he could do. On the issue of a motion for reconsideration, I'm not in much of a better position than Ms. Buchanan. As the Court knows, the motion for reconsideration is actually a civil remedy that has been borrowed over in a lot of criminal actions. I don't recall, and I'm talking off the top of my head for the most part, there being any limit on when the motion for reconsideration can be brought. But I suspect there is an interaction between what Your Honor has mentioned with respect to the time periods in which you can normally seek a remedy and borrowing over from the civil thing. I think he may possibly be timed out. But as Ms. Buchanan pointed out, if the Court wants further briefing on that issue, certainly the parties can provide it. Hanging over all of this, though, is the question of prejudice. If you take up the issue of competence of counsel, the thing you've got to address as to both prongs of Strickland, and the second one is, would the result of the resentencing or the request for resentencing been any different if he had gone in there and argued? If you look at the record, and in particular if you look at pages 20 and 21, which is the order by Judge Feese denying resentencing, you can get a flavor of what his attitude was in this case. It was going to be very difficult to convince Judge Feese to do any resentencing in this case. You can see he was going in that, that he really was not inclined to do that in this case. What defendants says in the brief that I think is incorrect is that he was prejudiced because he didn't get an opportunity to ask for resentencing. But if you look at Strickland, that is not what prejudice is under Strickland. What Strickland says is prejudice is where there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would be different. So I don't think you can conflate, you can call procedural, the denial of a procedural right, the kind of prejudice that Strickland is talking about. What the government is asking for here in this case is for the Court to affirm the decision of the district court denying the motion for reconsideration and then either dismiss or simply not reach the confidence of counsel claims so that in the district court the defendant can raise these. Roberts. Thank you. Ms. Hewitt. Ms. Buchanan. Just very quickly, one issue that was raised is a factual issue. The stipulation on December 12th that was signed by the government and by someone at the Public Defender's Office does indicate that Mr. of the Federal Public Defender was on family leave for the past two months. So he had been on family leave and out of the office. So there is something in the record as to what may have happened in this case. With that, I'll submit. Thank you. Mr. Seawright, thank you as well. The case just started. You just submitted. Good morning.
judges: Canby, T.G. Nelson, Silverman